OPINION
Marilyn Clark appeals from a summary judgment of dismissal of her complaint for medical malpractice against Hans Zwart, M.D. and Hans Zwart, M.D. Associates, Inc., hereafter referred to as "Zwart." We affirm.
Clark filed a pro se complaint against Zwart, alleging injury resulting from Zwart's alleged malpractice. Zwart filed an answer denying liability. On February 22, 1999, Zwart moved for summary judgment of dismissal, based upon the affidavit of Hans Zwart, M.D., which stated:
 1. I am by education, training, and experience, a medical doctor, specializing in thoracic and cardiovascular surgery, with an active license to practice medicine in the state of Ohio.
 2. My education, training, and experience include a medical degree from the University of Leiden, The Netherlands, in 1962, residency training in general surgery at University Hospital, Free University, Amsterdam, between 1964 and 1968, fellowship training in cardiovascular research at the University of Utah between 1968 and 1970, residency training in thoracic and cardiovascular surgery at the University of Utah between 1970 and 1973, and the private practice of thoracic and cardiovascular surgery in Dayton since 1973.
 3. I hold board certification in general surgery and thoracic and cardiovascular surgery.
 4. I have always spent more than fifty percent of my professional time in the active practice of thoracic and cardiovascular surgery, and, as such, I am familiar with the accepted standards of care in thoracic and cardiovascular surgery, currently, and at all times relevant to this case.
 5. I provided plaintiff Marilyn Clark with thoracic and cardiovascular surgerical [sic] evaluation, care, and treatment on referral from her treating cardiologist, Milton Nathan, M.D., between September 5, 1996 and December 11, 1996, for a severe obstructed lesion in the left anterior descending coronary artery.
 6. I hold the following opinions, within reasonable medical probability, based on my education, training, and experience in thoracic and cardiovascular surgery, and based further on my care and treatment of the plaintiff in review of her medical record:
 A. The evaluation, care, and treatment that I provided to the plaintiff met all accepted standards of care for thoracic and cardiovascular surgeons in like or similar circumstances;
 B. Plaintiff experienced a known complication of treatment, specifically a bypass failure following surgery on September 5, 1996, and I performed a second bypass procedure successfully on November 7, 1996; and
 C. The plaintiff did not experience any injury, damage, or complication as a direct and proximate result of any act, omission, or departure from accepted standards of care by me.
Although the trial court observed that Clark failed to respond to the motion for summary judgment, the record does contain a notarized letter from Dale L. Mathias, M.D., dated April 8, 1998, attached to a "certificate of merit" file stamped April 12, 1999.
Finding that Clark had not responded to the motion for summary judgment and that the affidavit in support of the motion was dispositive, the trial court granted summary judgment of dismissal on April 19, 1999. Clark appealed.
Clark's appellate submission consists of a single paragraph reasserting her allegations of medical malpractice and summarizing her alleged injury and the letter from Dr. Mathias. The letter from Dr. Mathias contains a narrative of Clark's complaints to him, a brief description of his findings upon examining Clark, and his recommendation that Clark see a plastic surgeon. The letter does not contain an opinion as to whether Zwart committed malpractice. Indeed, the letter does not mention Zwart and concedes that Clark's complete medical record was not available for review.
The trial court correctly observed that the affidavit of Hans Zwart, M.D. was sufficient to demonstrate that there was no genuine issue of material fact concerning an essential element of Clark's claim, i.e., that malpractice occurred. See Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Hence, it became necessary for Clark, through the affidavit of an expert witness [or other evidentiary mechanism recognized by Civ.R. 56(C)] to present evidence that malpractice had occurred. Id. See Bruni v. Tatsumi
(1976), 46 Ohio St.2d 127 as to the necessity of expert testimony. The letter of Dr. Mathias did not contain an opinion that Zwart had committed malpractice so Clark was not prejudiced by the trial court's failure to consider it.
Indeed, Clark does not say how the trial court erred in granting summary judgment of dismissal of her complaint, and we have found no error.
The judgment will be affirmed.
FAIN, J. and KOEHLER, J., concur.
(Hon. Richard N. Koehler sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Marilyn J. Clark
Robert N. Snyder
Hon. Barbara P. Gorman